UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1-21-cv-00308

| | |
|---|---|
| TREVOR SEIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT AND |
| ) | DEMAND FOR JURY TRIAL |
| BEST BUY CO., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Trevor Seibert ("Seibert" or "Plaintiff"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended against Best Buy Co., Inc. ("Best Buy" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Defendant unlawfully discriminated against Plaintiff in violation of the ADA by terminating his employment because of his disability.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of Canton, North Carolina.

3. Defendant is a foreign corporation registered and in good standing in the State of Minnesota.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the ADA for unlawful discrimination and retaliation.

5. This Court has personal jurisdiction because Defendant conducts substantial business in the County of Buncombe, in the State of North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Asheville, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

7. At all relevant times, Plaintiff was a "qualified individual" covered by the protections of The Americans With Disabilities Act of 1990, as amended, within the meaning of 42 U.S.C. § 12111(8).

8. At all relevant times, Defendant, was a "covered entity" within the meaning of 42 U.S.C. § 12111(2). Specifically, Defendant was an "employer" engaged in an industry affecting commerce and had at least fifteen (15) or more employees each working day in each of 20 or more calendar weeks during the current or preceding calendar year. 42 U.S.C. § 12111(5)(A).

9. At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

10. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with Equal Employment Opportunity Commission ("EEOC") (Charge No. 430-2021-01499), alleging discrimination based on disability and retaliation on or about May 4, 2021. The EEOC issued a Notice of Suit Rights which was received by Plaintiff on or about July 27, 2021. Plaintiff timely brings this action within ninety (90) days of his receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Seibert began his employment with Best Buy on or about April 4, 2009, and held the position of Asset Protection at Best Buy's Rocky Mount, North Carolina location. In or about 2011, Best Buy promoted Seibert to Supervisor. In or about 2012, Best Buy promoted Seibert to Sales Manager and transferred Seibert to Best Buy's Waynesville, North Carolina location. In or about 2014, Best Buy promoted Seibert to General Manager of the Waynesville, North Carolina store. In or about 2015, Best Buy transferred Seibert to Best Buy's Asheville location, where Seibert worked until Best Buy terminated Plaintiff's employment on December 15, 2020.

12. In or about 2014, Seibert was diagnosed with depression and severe anxiety, which causes CP to have frequent, intense, excessive, and persistent worry and fear about everyday situations; irritability; difficulty concentrating; and fatigue easily.

13. Despite his disability, Seibert regularly met or exceeded Best Buy's legitimate employment expectations as demonstrated by positive performance reviews and annual raises prior to the termination of his employment.

14. Due to the COVID-19 pandemic, Seibert's depression and severe anxiety worsened, which caused him to experience panic attacks daily.

15. In or about late October 2020, Seibert visited a new doctor who prescribed Seibert new medication. Seibert's doctor told him it would take two to three weeks for his body to adjust to the medication.

16. During a one-on-one Microsoft Teams conference in early November 2020, Seibert informed Wes Pritchard ("Pritchard"), Best Buy's District Manager and Seibert's Direct Supervisor, that he started taking anti-depressants and anti-anxiety medication because of his disability.

17. Pritchard asked Seibert how the medication was affecting him. Seibert responded that it was "keeping him level" (i.e., no significant ups or downs). Pritchard responded, "I need the old Trevor. The old Trevor had lots of energy on the floor" and that a lot of energy "was required on the floor."

18. On or about November 11, 2020, and only a couple of weeks after informing Best Buy of his disability and use of prescribed medications, Seibert received a telephone call from Best Buy's Human Resources Department regarding an anonymous tip relating to timecard discrepancies at Best Buy's Asheville store. The HR representative inquired why Seibert had added lunches to three employees' timecards in May 2020. Seibert responded that in an email sent in or around November 2019, Pritchard told him to add lunches to employees' timecards. Seibert also stated that he only added lunches to the three employees' timecards once he verified with the individual employee and their supervisor.

19. Later that day, on or about November 11, 2020, Seibert spoke with Stan Kilp and Jeff McElroy, both General Managers at Best Buy's stores within Pritchard's district, to confirm whether they received the same email from Pritchard regarding adding lunches to employees' timecards. Both stated they received the email from Pritchard.

20. Best Buy terminated Seibert's employment on December 15, 2020, approximately one month after Seibert informed Pritchard about his disability and new medications.

21. Defendant terminated Plaintiff in violation of the ADA.

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Violations of ADA – Discrimination)**

22. Plaintiffs incorporates by reference Paragraphs 1 through 21 of his Complaint.

23. Defendant employed over fifteen employees at all relevant times.

4

24. Plaintiff was disabled within the meaning of the ADA, in that he had a physical or mental impairment that substantially limited one or more major life activities, including but not limited to, difficulty concentrating or thinking, psychomotor agitation, decreased energy, and difficulties in maintaining social functioning.

25. Plaintiff was disabled within the meaning of the ADA, because Defendant regarded him as having a physical or mental impairment and Defendant terminated Plaintiff's employment because of an actual or perceived physical or mental impairment whether or not the impairments limited or are perceived to limit a major life activity.

26. Defendant discriminated against Plaintiff on the basis of disability in violation of the ADA by terminating Plaintiff because of his disability.

27. As an actual, proximate, and foreseeable result of Defendant's actions, Plaintiff suffered lost back and front pay, benefits associated with his employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to the ADA that the Defendant reinstate Plaintiff to the position he held before the termination of his employment, or to a comparable position with full seniority, benefits and wages, or front pay to Plaintiff in lieu thereof;

b) An Order pursuant to the ADA that Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c) An Order pursuant to the ADA that Defendant pay Plaintiff compensatory damages;

d) An Order pursuant to the ADA ordering Defendant to pay punitive damages;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) A Declaration and finding by the Court that Defendant willfully violated provisions of the ADA for the unlawful discrimination and retaliation;

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEAMAND

Plaintiff demands a trial by jury for all issues of fact.

This the 18th day of October, 2021.

Respectfully submitted,

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*